MR. JUSTICE HODGES
delivered the opinion of the Court.
We granted certiorari to review the Colorado court of appeals’ opinion and judgment in Paris v. Civil Service Commission, 32 Colo. App. 21, 510 P.2d 910 (1973). Therein, the court of appeals upheld an order of dismissal from state service of petitioner Paris. We affirm.
Paris, an employee of the State Compensation Fund, received a letter from his immediate supervisor on July 2, 1969 outlining certain deficiencies in his work. This letter contained certain language which Paris believed to be libelous per se. In August 1969, Paris filed a libel action against his immediate supervisor and later, the State Compensation Fund was added as a defendant. On March 3, 1970, Paris received a notice of dismissal. Pursuant to C.R.S. 1963, 26-5-23, Paris protested his dismissal to the Civil Service Commission. After a hearing, the' commission determined that the dismissal was proper. On review of the commission’s action, the district court and the court of appeals affirmed the dismissal.
In granting certiorari, our sole concern was whether petitioner’s claim, that his dismissal was in violation of Art. II, § 6 of the Constitution of Colorado, had merit. That section provides:
“Section 6. Equality of justice. Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay.”
It is the position of Paris on this issue that the commission’s order of dismissal from his state employment is tantamount to a denial of his constitutional rights under the *209 above quoted provision of the Colorado constitition. In other words, according to the petitioner, a state employee may not be dismissed because of his exercise of a constitutional right to seek redress in our courts for a wrong done. In advancing this argument, Paris states that he was discharged because he filed a suit for libel against his supervisor, and that this was the sole reason for his dismissal.
After reviewing the record, we agree with the court of appeals that the filing of a lawsuit by a state civil service employee would not in and of itself be a sufficient ground for dismissal of a civil service employee. As pointed out by the court of appeals, the charges upon which Paris was dismissed were not limited solely to the mere act of filing this lawsuit, but also dealt with allegations that this employee’s actions and conduct involved insubordination, disloyalty and other acts unbecoming to a state employee, contrary to the State Civil Service Act and the rules and regulations of the Civil Service Commission. C.R.S. 1963, 26-5-1 et seq.
The Civil Service Commission made findings that Paris was guilty of acts of insubordination; that he was disloyal to the department for which he worked; that his acts were unbecoming to a state employee; and that he did not carry on his work in an acceptable manner. The Civil Service statute and the rules and regulations pertaining to standards of performance authorizes the dismissal of an employee upon such findings by the Civil Service Commission.
Paris relies heavily on Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Pickering, a teacher, was discharged for sending a letter to the local newspaper criticizing the Board of Education. The United States Supreme Court held that Pickering’s discharge violated his constitutional right of free speech, and that he could not be penalized by being fired for exercising this First Amendment right. By analogy, Paris argues that the state cannot penalize him through dismissal for exercising his constitutional right to seek judicial relief as guaranteed by Art. II, § 6 of the Constitution of Colorado.
We agree that the notice of dismissal includes the filing of *210 the suit as one of the grounds for the discharge. Moreover, the state has argued at all stages of this proceeding that it would be perfectly proper for the discharge to be based solely on the filing of the suit. This issue, however, is not encompassed under the facts of this case as both the district court and the court of appeals realized. The commission did not rely solely upon the filing of the suit in approving the discharge. Rather, the commission found that Paris’ work performance was unsatisfactory, and that he was insubordinate and disloyal to the department of government for which he worked. This case is therefore clearly distinguishable from Pickering in which there was absolutely no evidence in the record that the teacher’s work performance was unsatisfactory. Actually, the sole basis for the discharge in Pickering was the letter to the newspaper.
Paris also argues that there is not substantial evidence to support the findings of the commission. After reviewing this record, we hold, as did the court of appeals, that there is substantial evidence to support the commission’s findings.
The other contentions of-the petitioner are without merit.
Judgment affirmed.